IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

FILED
03 JAN 31  PM 2:56
U.S. DISTRICT COURT
N.D. OF ALABAMA

| | |
|---|---|
| JOHN HUDGENS, ESTHER HUDGENS, WILLIAM YOUNG, and PATSIE YOUNG, individually and on behalf of themselves and a class of persons similarly situated, | )<br>)<br>)<br>) |
| Plaintiffs, | ) |
| vs. | ) Civil Action Number<br>) 02-C-0511-W |
| DIAMLERCHRYSLER CORPORATION, | ) |
| Defendant. | ) |

ENTERED
JAN 3 1 2003

## MEMORANDUM OPINION ON MOTION TO DISMISS

Defendant DiamlerChrysler Corporation ("DaimlerChrysler") has moved to dismiss the complaint filed by Plaintiffs. (Document 4). For the reasons which follow, the motion is due to be granted.

### A. Procedural History

This case arises out of the same set of facts involved in two other cases already decided by this Court: *Hicks v. DiamlerChrysler*, CV-99-C-1865-W *("Hicks")* and *Hudgens, et al. v. DiamlerChrysler Corporation*, CV-01-C-0106-W *("Hudgens I")*. All three of these actions involve issues implicating the Employee Retirement Income Security Act, 29 U.S.C. § 1101 *et seq.* ("ERISA").

1

1. The *Hicks* Litigation

*Hicks* was brought as a class action in which the named Plaintiffs claimed that the sale by Defendant DiamlerChrysler Corporation of Pentastar Electronics (Chrysler's subsidiary and Plaintiffs' former employer) deprived Plaintiffs of ERISA benefits. Plaintiffs' Amended Complaint included claims for breach of contract; intentional interference with a contract; and deprivation of benefits and breach of fiduciary duties ERISA claims.

In granting summary judgment for defendant in the *Hicks* case, the Court found *inter alia* that Plaintiffs had not exhausted their administrative remedies, and that the lead Plaintiff had not lost any ERISA benefits.

2. The *Hudgens I* Litigation

In *Hudgens I*, which involved the same set of facts as in *Hicks*, Plaintiffs alleged ERISA and Racketeer Influenced Corrupt Organizations Act, 18 U.S.C. § 1961, *et seq.* ("RICO") violations. In fact, Plaintiffs in *Hudgens I* had unsuccessfully sought to intervene in the *Hicks* case.

*Hudgens I* fared no better than *Hicks*. The Court dismissed Plaintiffs' RICO claims with prejudice, and the ERISA claims were dismissed without prejudice. The Court found that, as in *Hicks*, the Plaintiffs failed to establish issues of triable fact with respect to their ERISA claims.

The instant case is a follow-up to *Hudgens I*.

B. Statement of the Facts

The instant action was brought as a class action by Plaintiffs John Hudgens and William Young, both of whom were non-bargaining unit employees of the Pentastar Electronics facility, a defense contractor in Huntsville, Alabama.[1]  Plaintiffs enjoyed numerous employment benefits,

---

[1] Presumably, the named female Plaintiffs are the wives of the male Plaintiffs.

2

including a retirement plan, profit sharing benefits, medical insurance, an automobile lease plan, and other benefits under Chrysler's Salaried Employees Retirement Plan ("SERP").

Prior to its merger with Diamler, Chrysler began selling several of its wholly-owned divisions, including Pentastar. According to Plaintiffs, Chrysler sought to sell Pentastar for several reasons: 1) because Pentastar had significant pension obligations caused by its aging workforce; and 2) because, as a defense contractor, Pentastar would become worthless after the merger with Diamler, a foreign corporation. Federal regulations prohibit foreign corporate involvement with defense contractors.

Chrysler experienced difficulty in locating an outside buyer for Pentastar. One of the causes for this difficulty was Chrysler's insistence that the buyer assume the future pension obligations Chrysler had incurred. Ultimately, Pentastar's President and several private investors formed PEI Acquisition Corporation ("PEI") for the stated objective of acquiring Pentastar. PEI was capitalized in December, 1996, and, effective January 10, 1997, Chrysler sold Pentastar to PEI at a steep discount.

Chrysler apparently discontinued its contributions to the pension plan, which were ultimately taken over by PEI. However, the former Pentastar employees were only able to collect their pension benefits if they continued working for PEI until such time as they qualified for their pensions. Plaintiffs complained that Chrysler's treatment of the non-bargaining unit employees differed from its treatment of the bargaining unit employees. While the bargaining unit employees were offered employment with Chrysler, the non-bargaining unit employees were not guaranteed employment with Chrysler.

Plaintiffs claim that the PEI purchase of Pentastar accomplished several goals: 1) the

purchase helped eliminate one impediment to the merger with Diamler; 2) the purchase allowed Chrysler to write down approximately $51 million in losses on its 1997 income taxes; and 3) the purchase "reduced and froze" Chrysler's long-term pension obligations of the aging Pentastar workforce. (*Hudgens II* complaint at ¶ 18.) In the process of accomplishing these goals, Plaintiffs claim that Chrysler violated federal law.

Specifically, Plaintiffs assert that Chrysler's sale of Pentastar constituted a "misappropriation of benefit plan assets," and a "breach of fiduciary and contractual duties" in violation of ERISA. *See* 29 U.S.C. § 1001, *et seq.* (*Id.* at ¶ 12.)

### C. Discussion

For purposes of a motion to dismiss, all the allegations in a complaint are construed in the light most favorable to the Plaintiff. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). In other words, all facts alleged by Plaintiff are taken as true. *Id.* On a Rule 12(b)(6) motion to dismiss, "[a]ll well-pleaded facts are accepted as true, and all reasonable inferences drawn therefrom are construed in the light most favorable to the Plaintiff." *Elert v. Singer*, 245 F.3d 1313, 1315 (11th Cir. 2001). A court cannot dismiss for failure to state a claim unless "it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The court is not determining whether the plaintiff will ultimately prevail; instead the determinative issue is whether the claimant is entitled to offer evidence to support the claims. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1994).

While Plaintiffs' complaint in this case provides greater details than those that were provided in *Hudgens I*, Plaintiffs have failed to distinguish their ERISA claims and create triable issues of fact.

4

1. Deprivation of Benefits Claim: ERISA § 510 (29 U.S.C. § 1140)

Plaintiffs have provided additional descriptive information in Count II of their complaint by expanding paragraph 37 and by adding paragraphs 38, 39, and 40. This new information, however, fails to address the merits of the Plaintiffs' ERISA claim. Instead, it simply addresses Plaintiffs' claim that they exhausted, or are excused from exhausting, their administrative remedies under the ERISA plans. Plaintiffs fail to offer any new evidence to support a claim that the sale of Pentastar violated ERISA § 510 (29 U.S.C. § 1140).

2. Breach of Fiduciary Duty: ERISA § 409 (29 U.S.C. § 1109)

In stating their claim of breach of fiduciary duty under ERISA, Plaintiffs have restated their previous allegations from *Hudgens I* and added paragraph 47. However, paragraph 47 merely asserts that: Plaintiffs have exhausted all administrative remedies; Plaintiffs have been denied meaningful access to such remedies; attempts to pursue such remedies have proven futile; and that any further attempts would be futile. Plaintiffs addition of paragraph 47 fails to address the merits of the alleged ERISA wrongdoing. Plaintiffs offer no new evidence to support a claim that the sale of Pentastar violated ERISA § 409 (29 U.S.C. § 1140).

3. Failure to Exhaust Administrative Remedies

In their effort to demonstrate exhaustion of available administrative remedies, Plaintiffs assert a "futility" claim. Plaintiff Hudgens asserts that he wrote Chrysler's Employee Benefits Committee ("Committee") on two occasions following receipt of a benefit statement – 13 days and 75 days after the benefit statement was sent – and that the Committee did not respond to either letter. In essence, Plaintiff filed a "claim" with the Committee. Consistent with the language of 29 C.F.R. § 2560.503-1, having failed to receive a response from the Committee within 90 days of having sent

either letter, Plaintiff Hudgens could have concluded that his claim had been denied under ERISA. Following a deemed denial, Plaintiff Hudgens had the opportunity to appeal that denial within 60 days. However, he filed no such appeal. Based on Plaintiff's failure to appeal the denial of his claim, Plaintiff failed to exhaust available administrative remedies.

Next, Plaintiffs assert that the claims procedures provided under Chrysler's Pension Plan and SERP were not available for review of Plaintiffs' claims. However, Chrysler's Pension Plan states that the Committee meets "once a month to review all pension matters." (Complaint, Exhibit B.) Accordingly, Plaintiffs' claims were subject to the internal administrative remedies, and such internal administrative remedies must be exhausted prior to seeking relief in court.

Put simply, Plaintiffs have failed to allege facts sufficient to excuse exhaustion as futile. While the Eleventh Circuit has not established a clear test to support a finding of futility, it is generally recognized as requiring a certainty of denial. *See, e.g., McGraw v. The Prudential Insurance Company of America*, 137 F.3d 1253, 1264 (10th Cir. 1998) (finding that futility applies where administrative remedies clearly would be useless); *Berger v. Edgewater Steel Co.*, 911 F.2d 911, 917 (3rd Cir. 1990), *cert denied*, 111 S.Ct. 1310 (1991) (employer adopted a policy of denying all applications for early retirement).

Plaintiffs clearly have failed to demonstrate with certainty that resort to internal administrative remedies would be futile.

## CONCLUSION

Because in their Amended Complaint, Plaintiffs have not alleged sufficient evidence that would either create triable issues of fact or distinguish their ERISA claims from those made by the plaintiffs in *Hicks,* Defendant DiamlerChrysler Corporation's motion to dismiss is due to be

granted.

    By separate order, it shall be done.

DONE this 31st day of January, 2003.

                                                                 Chief United States District Judge
                                                                       U.W. Clemon